IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CRADELL LEAKE,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02388-MSN-atc |
| ) | |
| **KROGER, TEAMSTER UNION, ED HOUSTON, and BARRY BROWN,** ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMNDATION FOR PARTIAL *SUA SPONTE* DISMISSAL AND ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

Before the Court is Plaintiff Cradell Leake's *pro se* complaint against Defendants Kroger, Teamsters Union, Ed Houston, and Barry Brown, as well as two motions to proceed *in forma pauperis*. (ECF Nos. 1, 2, 8.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

Federal law provides that the clerk of each district court shall require parties instituting any civil action, suit, or proceeding in such court, whether by original process, removal, or otherwise, to pay the filing fee of $402.[1] 28 U.S.C. § 1914(a). To ensure access to the courts,

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma*

however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* status must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

Leake has submitted two *in forma pauperis* motions setting forth information that satisfies his burden of demonstrating that he is unable to pay the civil filing fee.[2] Accordingly, the request to proceed *in forma pauperis* is GRANTED.

## REPORT AND RECOMMENDATION

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the court's direction after the court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). This Report and Recommendation constitutes the Court's screening.

**I.      Proposed Findings Of Fact**

Leake filed his complaint on a court-provided form, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (the "ADEA"), and the Americans with

---

*pauperis* under 28 U.S.C. § 1915. As the court is granting leave to proceed *in forma pauperis* in this case pursuant to § 1915, the plaintiff is not liable for the additional $52 fee.

[2] Leake filed an unsigned motion to proceed *in forma pauperis* on June 20, 2023. (ECF No. 2.) The Court entered an order on August 9, 2023, directing Leake to file a second *in forma pauperis* affidavit within 30 days. (ECF No. 7, at 2.) Leake filed a second *in forma pauperis* on August 20, 2023, using the form provided by the Clerk, who mistakenly gave Leake the form applicable to prisoners. (ECF No. 8.) The combination of the information on the two forms submitted by Leake, however, provides the Court with sufficient information to rule on the request for *in forma pauperis* status.

Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 (the "ADA"). (ECF No. 1.) Leake alleges that the discriminatory acts occurred on July 18, 2017, and February 7, 2021, and that Defendants are still committing these acts against him. (*Id.* at 3.) Leake claims that Defendants discriminated against him when they terminated his employment, failed to promote him, and subjected him to unequal terms and conditions of his employment. (*Id.*) Leake also alleges that Defendants subjected him to harassment and committed forgery. (*Id.*) For relief, Leake asks that he be assigned to "light duty or any position to substain [sic] injuries" and that Defendants employ him, promote him, pay back pay in the amount of $75,000, and pay compensatory damages in the amount of $180,312 for "medical bills from . . . being shot from wrongful termination." (*Id.* at 7.)

Along with his complaint, Leake submitted a Right to Sue letter from the Equal Employment Opportunity Commission, a Teamsters Local 667 Grievance Report, and some medical records. (ECF Nos. 1-1, 1-2, & 1-3.) The Court takes judicial notice of these attachments to the complaint. *See Harper v. Shelby Cnty. Gov't*, No.15-2502, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein."). The Charge of Discrimination indicates that Leake was born in 1996, was hired as an Order Selector at the Kroger Warehouse in June 2018, and that he was discriminated against based on his disability and race. (ECF No. 1-1, at 9.) Specifically, Leake alleges:

> In February 2021, I was discharged for alleged violation of the GAP policy. However, the company discharged me during the COVID pandemic period which caused an adverse impact on my well-being. In addition, while attempting to

3

        return to the company through the Union grievance process, I became disabled. I
        believe that the company did not want me to return as a disabled person.

(*Id.* at 9.)

## II.    Proposed Conclusions of Law

    A.    <u>Standard of Review for Failure to State a Claim</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To determine whether Leake's Complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of

4

entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to pro se complaints, "however inartfully pleaded"). Nevertheless, pro se litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

In pleading employment discrimination claims, "[a] claimant need not . . . allege facts establishing a prima facie case of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)); *see also*

5

*Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019) (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)) ("The satisfaction of every element of a prima facie case at the motion-to-dismiss stage is not required."). In other words, "so long as a complaint provided an adequate factual basis for a discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Morgan*, 2019 WL 5432041, at *2 (Griffin, J., concurring in part, dissenting in part) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012)). Nevertheless, whether a plaintiff can state a prima facie case for discrimination "is illustrative of whether she has provided an adequate factual basis for her claims." *Chapman*, 2019 WL 5684177, at *5.

      B.      <u>Leake's ADEA Claim</u>

Leake's claim for discrimination under the ADEA should be dismissed because the ADEA applies only to individuals who are at least forty years old. 29 U.S.C. § 631(a); *see also Bell v. Shelby Cnty. Schs.*, No. 16-cv-2311-JTF-dkv, 2016 WL 3248593, at *2 (W.D. Tenn. June 13, 2016) (dismissing an ADEA claim under 28 U.S.C. § 1915(e)(2) because the plaintiff alleged she was less than forty years old at the time of the alleged discrimination) (citations omitted). Leake was born in 1996 and was thus under the age of 40 at all relevant times alleged in his Complaint. It is therefore recommended that the ADEA claim be dismissed with prejudice.

      C.      <u>Leake's ADA and Title VII Claims</u>

Construing the Complaint and its attachments in a light most favorable to Leake and accepting his allegations as true, Leake has alleged facially plausible claims for ADA disability discrimination and Title VII racial discrimination for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii). As such, the Court recommends that process be issued and served on Defendants pursuant to Local Rule 4.1(b)(2).

## ORDER AND RECOMMENDATION

For the forgoing reasons, Leake's request to proceed *in forma pauperis* is GRANTED.

It is recommended that Leake's ADEA claim be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief can be granted.

It is recommended that Leake's ADA and Title VII claims be allowed to proceed. The Court further recommends that the Clerk of the Court be directed to issue process for Defendants and to deliver that process to the U.S. Marshal for service along with a copy of the Complaint, this Report and Recommendation, and any Order from the District Judge regarding this Report and Recommendation; that service be made on Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3); and that all costs of service be advanced by the United States.

Respectfully submitted this 30th day of November 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.