IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CRADELL LEAKE,

    Plaintiff,

v.                                                                                  Case No. 2:23-cv-2398-MSN-tmp

KROGER,
TEAMSTERS UNION,
ED HOUSTON, and
BARRY BROWN,

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION
FOR PARTIAL *SUA SPONTE* DISMISSAL
AND DIRECTING CLERK TO ISSUE PROCESS
AND DELIVER TO U.S. MARSHAL FOR SERVICE**

    Before the Court is the Magistrate Judge's Report and Recommendation for Partial *Sua Sponte* Dismissal (ECF No. 9, "Report"). The Report recommends that (1) Plaintiff's claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621–34 ("ADEA") be dismissed with prejudice, and (2) process be issued and served on Defendants pursuant to Local Rule 4.1(b)(2) because, for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff has alleged facially plausible claims for disability discrimination pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 ("ADA") and racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII").

**STANDARD OF REVIEW**

    Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*,

237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error.  *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION AND CONCLUSION**

Magistrate Judge Christoff issued her Report on November 30, 2023. The Report warned that objections were due within 14 days of being served with a copy of the Report and failure to object may constitute a waiver of any objections, exceptions, and any further appeal. To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report in its entirety and **DISMISSES** with prejudice Plaintiff's claim pursuant to the ADEA. Further, because Plaintiff's ADA and Title VII claims satisfy the screening standard under 28 U.S.C. § 1915(e)(2)(B)(ii), the Clerk is **DIRECTED** to issue process for Defendants and deliver that process to the U.S. Marshal for service along with a copy of the Complaint (ECF No. 1), the Report (ECF No. 9), and this Order (ECF No. 10). Service shall be made on Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3) with all costs of service to be advanced by the United States.

**IT IS SO ORDERED**, this 20th day of December, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE