IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CRADELL LEAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02388-MSN-atc |
| ) | |
| KROGER, ED HOUSTON, BARRY BROWN, ) | |
| TEAMSTERS UNION, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court by Order of Reference[1] is the Motion to Dismiss of Defendants Ed Houston, Barry Brown, and Teamsters Local 667 Union (the "Union") (collectively, the "Union Defendants"), filed on February 14, 2024. (ECF No. 16.) Leake has not responded to the Motion.[2]

For the reasons set forth below, the Court RECOMMENDS that the Union Defendants' Motion be GRANTED.

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

[2] On March 19, 2024, Plaintiff Cradell Leake, the Union Defendants, and Defendant Kroger appeared for a scheduling conference. (ECF No. 31.) During the scheduling conference, the undersigned informed Leake that his response to the Union Defendant's Motion to Dismiss was overdue and extended his response deadline to March 26, 2024. (*Id.*) Leake did not file a response by that deadline. On March 29, 2024, this Court entered an Order to Show Cause requiring Leake to respond to the Motion by April 12, 2024. (ECF No. 34.) Leake did not respond to that Order to Show Cause or otherwise to the Motion.

## **PROPOSED FINDINGS OF FACT**

On June 20, 2023, Leake filed a pro se Complaint against the Union Defendants and Kroger, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (the "ADEA"); and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 (the "ADA"). (ECF No. 1.) On November 30, 2023, this Court entered a Report and Recommendation recommending dismissal of Leake's ADEA claim and that process be issued for his remaining claims. (ECF No. 9.) On December 20, 2023, United States District Judge Mark S. Norris adopted the Report and Recommendation in full, dismissed Leake's ADEA claim, and directed the Clerk to issue process for Defendants. (ECF No. 10.) As a result, Leake's only claims against the Union Defendants are his Title VII and ADA claims.

Leake alleges that the discriminatory acts occurred on July 18, 2017, and February 7, 2021, and that Defendants are still committing these acts against him. (ECF No. 1, at 3.) Leake claims that Defendants discriminated against him when they terminated his employment, failed to promote him, and subjected him to unequal terms and conditions of his employment. (*Id.*) Leake also alleges that Defendants subjected him to harassment and committed forgery. (*Id.*)

Leake claims that "Kroger had Ed Houston repres[en]tin[g] Union in 2017," but after he was accused of "shre[d]din[g] grievances and stealing from Union," he stepped down and began "working back at Kroger as [a] regular employe[e]." (*Id.* at 4–5.) Leake claims that Houston sabotaged Leake's job and "neglected the job representation." (*Id.* at 5.) Leake asserts that he has paid Union dues since 2015 and that he has been terminated and reinstated without pay at least nine times between 2015 and 2021 because he "was a young black male with lack of knowledge." (*Id.*)

2

Along with his Complaint, Leake submitted a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), a Pre-Charge Inquiry, a Charge of Discrimination, a Union Grievance Report, and some medical records. (ECF Nos. 1-1, 1-2, 1-3.) The Court takes judicial notice of these attachments to the Complaint. *See Harper v. Shelby Cnty. Gov't*, No.15-2502, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein."). The Charge of Discrimination indicates that Leake alleges he was hired as an Order Selector at the Kroger Warehouse in June 2018 and was discriminated against based on his disability and race. (ECF No. 1-1, at 9.) Specifically, Leake alleges:

> In February 2021, I was discharged for alleged violation of the GAP policy. However, the company discharged me during the COVID pandemic period which caused an adverse impact on my well-being. In addition, while attempting to return to the company through the Union grievance process, I became disabled. I believe that the company did not want me to return as a disabled person.

(*Id.* at 9.) The Charge of Discrimination is brought against only Kroger and does not name the Union Defendants. (*Id.*)

For relief, Leake asks that he be assigned to "light duty or any position to substain [sic] injuries" and that Defendants employ him, promote him, pay him back pay in the amount of $75,000, and pay compensatory damages in the amount of his "medical bills from me being shot" and $180,312 for wrongful termination. (ECF No. 1, at 7.)

## **PROPOSED CONCLUSIONS OF LAW**

The Union Defendants move to dismiss Leake's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 16-1, at 3.) They contend that that the Complaint lacks sufficient allegations that they discriminated against Leake, that Leake failed to exhaust his administrative remedies as to his charges against them, that Leake failed to timely file a discrimination charge, and that Defendants Brown and Houston are not subject to individual liability under Title VII or the ADA. (*Id.*)

## I.     Standard of Review for Failure to State a Claim

To determine whether Leake's Complaint states a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

4

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

## II. Leake Failed to Exhaust His Administrative Remedies Against the Union Defendants.

The Union Defendants argue that Leake did not file an EEOC charge of discrimination against them before naming them as defendants in this case. "[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citing 42 U.S.C. § 2000e-5(e)(1)). The same is true of the ADA. *See Booth v. Nissan N. Am., Inc.*, 927 F.3d 387, 392 (6th Cir. 2019) ("[T]he plaintiff must first file a charge describing the alleged discrimination, either with the EEOC or with an equivalent state agency, before he can litigate [an ADA] claim in court." (citing *Cox v. City of Memphis*, 230 F.3d 199, 202 n.2 (6th Cir. 2000))). "The charge must be sufficiently precise to identify the parties, and to describe generally the action or practices complained of. . . . [A] Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis*, 610 F.3d at 361 (citations and internal quotations omitted). "If a plaintiff initiates a civil action without first receiving a right-to-sue letter, the court must dismiss 'the premature action for failure to exhaust administrative remedies.'" *Dawson v. Loc. 189 United Ass'n of Plumbers & Pipefitters*, No. 2:21-CV-3478, 2022 WL 3356583, at *3 (S.D. Ohio Aug. 15, 2022) (quoting *Mitchell v. Chapman*, 343 F.3d 811, 820 n.10 (6th Cir. 2003)).

Leake failed to exhaust his administrative remedies against the Union Defendants. Though Leake has provided the Charge of Discrimination he filed against Kroger, for which he received a Right to Sue Letter as to Kroger, he failed to provide any charge he has filed against the Union Defendants. (ECF No. 1-1, at 1–3, 9.) Leake has failed to demonstrate that he exhausted his administrative remedies against the Union Defendants, and thus he may not maintain his claims against them. *See Younis*, 610 F.3d at 361; *see also Dawson*, 2022 WL

6

3356583 at *4 (dismissing a discrimination claim against a union because the plaintiff did not file an EEOC charge against it). The Court recommends that Leake's Title VII and ADA claims against the Union Defendants be dismissed.[3]

### III.    Leake's Claims Against the Individual Defendants Should Be Dismissed.

The Union Defendants correctly argue that Brown and Houston cannot be held individually liable under Title VII or the ADA. (ECF No. 16-1, at 7.) Title VII does not provide individual liability for co-workers or individual supervisors who do not qualify as an employer. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *see also Mathis v. CWA Loc. Union 4320*, No. 2:10-CV-1093, 2011 WL 3497189, at *5–6 (S.D. Ohio Aug. 9, 2011) (holding that union officials are not individually liable under Title VII). The same is true under the ADA. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999)) ("[I]ndividual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Wathen*, 115 F.3d at 404 n.6 (discussing that individual liability under the ADA is treated the same as under Title VII).

---

[3] Any attempt by Leake to file a charge of discrimination against the Union Defendants now would be untimely. Under the ADA, a party is required to file a charge of discrimination within 300 days of the alleged discrimination, and under Title VII, the charge must be filed within 180 or 300 days, depending on the type of employer. *Booth*, 927 F.3d at 392 (citations omitted); *Blackburn v. Shelby Cnty.*, 770 F. Supp. 2d 896, 916 (W.D. Tenn. 2011) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Here, Leake alleges incidents of discrimination occurring in July of 2017 and February of 2021, all of which are more than 300 days ago. (ECF No. 1, at 3.)

Leake has not alleged that Brown or Houston were his employers for purposes of either the ADA or Title VII, and thus his claims against them should be dismissed for this additional reason.[4]

## **RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Motion to Dismiss be GRANTED and that the Union Defendants be dismissed from this case.

Respectfully submitted this 30th day of May, 2024.

                               s/Annie T. Christoff
                               ANNIE T. CHRISTOFF
                               UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

---

[4] Because the claims against the Union Defendants are subject to dismissal for failure to exhaust administrative remedies, and because there is no individual liability under Title VII or the ADA as to Brown and Houston, the Court does not address the Union Defendants' other arguments in their Motion to Dismiss.