IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CRADELL LEAKE,

    Plaintiff,

v.                                                 Case No. 2:23-cv-2388-MSN-tmp

KROGER,
TEAMSTERS UNION,
ED HOUSTON, and
BARRY BROWN,

    Defendants.

---

### ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 36, "Report"). The Report recommends that the Motion to Dismiss of Defendants Ed Houston, Barry Brown, and Teamsters Local 667 ("Union") (collectively, the "Union Defendants"), filed February 14, 2024 (ECF No. 16, "Motion") be granted.

### STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**DISCUSSION AND CONCLUSION**

On June 20, 2023, Plaintiff filed a *pro se* Complaint against the Union Defendants and Kroger, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34 (the "ADEA"); and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 (the

"ADA"). (ECF No. 1.)  On November 30, 2023, the Magistrate Judge entered a Report and Recommendation recommending Plaintiff's ADEA claims be dismissed and that process be issued for his remaining claims, and this Court adopted that Report in Recommendation in full on December 20, 2023.  (*See* ECF Nos. 9 & 10.) Thus, only Plaintiff's Title VII and ADA claims remain.

After discussing the relevant facts, the Report concludes (1) that Plaintiff failed to exhaust his administrative remedies against the Union Defendants because he did not file an EEOC charge of discrimination against them, and (2) that Defendants Houston and Brown cannot be held individually liable under Title VII or the ADA.  Based on those findings, the Report recommends that the Union Defendants' Motion be granted.

Magistrate Judge Christoff issued her Report on May 30, 2024.  The Report warned that objections were due within 14 days of being served with a copy of the Report and failure to object may constitute a waiver of any objections, exceptions, and any further appeal.  To date, no objections to the Report's findings or recommendations have been filed, and the deadline for doing so has expired.  The Court has reviewed the Report for clear error and finds none.  Accordingly, the Court **ADOPTS** the Report in its entirety and **DISMISSES** with prejudice all Plaintiff's remaining claims against Defendants Ed Houston, Barry Brown, and Teamsters Local 667.

**IT IS SO ORDERED**, this 17th day of June, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

3